**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Walter James PARKER,
Defendant-Appellant.**

**No. 76–1209
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 18, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Lyman T. Fletcher, Jacksonville, Fla. (Court-appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Manuel Menendez, Jr., Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Appellant, Walter James Parker, was tried and convicted of violating 18 U.S.C. §§ 2114 and 2.[1]  These charges arose out of the robbery of a United States Post Office in Jennings, Florida.  Prior to Parker's jury trial, a hearing was held by the district court on his motion to suppress an allegedly coerced confession and other evidence obtained subsequent to the questioned confession.  The trial judge denied the motion, and Parker was thereafter found guilty and sentenced to 25 years in prison.

On appeal Parker claims that the trial court erred in denying his motion to sup-

1. A co-defendant who participated in the alleged crime was also convicted.  It is not clear whether the co-defendant, Scottie Hicks Brown, was tried or pled guilty.

press. He further alleges that there was insufficient evidence to support a finding that a postal employee's life had been put in jeopardy. We have carefully considered the record and briefs in this case and conclude that there is no error. Consequently, the conviction is affirmed.

■ As stated by the district court, Parker's argument in support of his motion to suppress is that his "confession was secured as a result of threats, either actual or implied, to incarcerate the defendant's paramour, Mrs. Small, and to deprive her of custody of her small infant child." [2] Where there is directly conflicting evidence as to the events that took place during the interrogation of the defendant, as there was in this case, the scope of our appellate review is limited to whether the trial judge's findings of fact were clearly erroneous. On the basis of the record and briefs before us in the instant case we find no such error.

Parker's second claim deals with the portion of 18 U.S.C. § 2114 that provides for an enhanced sentence upon proof of certain aggravating conditions:

> and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, [he] shall be imprisoned for twenty-five years.

18 U.S.C. § 2114. If, as appellant contends, the postal employee's life was not placed in jeopardy, he would be subject to a maximum sentence of only ten years. As support for this argument, Parker claims that the postal employee's testimony at trial that she was not frightened and the fact that she grabbed the gun in a scuffle during the robbery shows that her life was not in danger. He further contends that there was never a clear showing that he pointed the gun at Mrs. Hughes, the postal employee. We find these contentions to be totally without merit.

■ The statement of Mrs. Hughes referred to by the appellant is not as exculpatory as he might wish.[3] Moreover, the legal question involved here is not whether Mrs. Hughes was frightened, but whether, objectively speaking, "a life [was] actually placed in danger." *United States v. Marchbanks,* 469 F.2d 72, 74 (5th Cir. 1972). In making this determination we find it unrealistic to require proof that the gun was actually loaded or that the perpetrator of the crime was disposed to use the weapon. The use of a gun is *per se* sufficient cause to impose the enhanced sentence. We believe the correct rule was stated in *Baker v. United States,* 412 F.2d 1069 (5th Cir. 1969), which dealt with a similarly worded bank robbery statute, 18 U.S.C. § 2113. In *Baker* the court said:

> We hold that a gun used in connection with and at the scene of a bank robbery is as a matter of law a dangerous weapon and that those on the immediate scene of the robbery are placed in an objective state of danger . . . .

412 F.2d at 1072.

■ We also find Parker's argument that there was insufficient evidence to prove that he actually brandished the weapon during the robbery to be without merit. The indictment charged Parker and his confederate with the robbery of the post office as well as aiding and abetting the robbery. Under 18 U.S.C. § 2, one who aids and abets the commission of a crime is punishable as a principal. Therefore, even assuming arguendo that Parker was unarmed during

---

2. Record on appeal, vol. II, pp. 268–69.

3. Parker seems to rely on the following statement of Mrs. Hughes:
   Q Were you frightened at the time?
   A Well—I don't think I was so frightened. I really don't.
   Record on appeal, vol. III, p. 116. On cross-examination by appellant's counsel, however, the following testimony was given:
   Q Now, you indicated that you didn't think that you were so frightened. Were you not particularly frightened by this experience?
   A Well, I tell you, I didn't have time to get frightened. I didn't get frightened until after it was over with.—No, I don't think I got frightened.
   *Id.* at 124.

the robbery, the fact that his confederate was armed would sustain his enhanced sentence under 18 U.S.C. § 2114.

The conviction is AFFIRMED.