**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Clay Thomas ATKINS,
Defendant-Appellant.**

No. 81–4513
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 7, 1983.

Davey L. Tucker, Jackson, Miss. (Court-appointed), for defendant-appellant.

Phson Barrett, Asst. U.S. Atty., Jackson, Miss., for plaintiff-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

Clay Thomas Atkins has been sentenced to fifteen years imprisonment for knowingly, willfully, and unlawfully taking $2800 from a bank in Jackson, Mississippi, in violation of 18 U.S.C. § 2113(a). On appeal, Atkins asserts three reversible errors in his conviction: (1) an improper photographic identification procedure; (2) violation of his right to a speedy trial; (3) failure to prove beyond a reasonable doubt the crime was committed by "force and violence, or intimidation" under 18 U.S.C. § 2113(a).

I. *Background*

Viewed in the light most favorable to the Government, *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), the facts can be summarized as follows. On October 2, 1980, at about 12:35 p.m., Atkins entered the Livingston Park Branch of the Deposit Guaranty National Bank (Guaranty Bank), Jackson, Mississippi. He walked up to the window of the head teller, Mrs. Cunningham, and slipped her a note with the written message: "Pull out your money or I'll pull out a gun." As Mrs. Cunningham opened her money drawer, Atkins said, "Just give me your tens and twenties and be quick." When she complied, Atkins jerked the bills out of her hand, grabbed the note from the counter and ran from the bank with approximately $2800.

On January 7, 1981, Atkins was indicted for the Guaranty Bank robbery. After disposition of criminal charges against him in a federal district court in North Dakota, Atkins was transferred to the Southern District of Mississippi where he was incarcerated on June 19, 1981. Ten days later, on June 29, 1981, Atkins was arraigned before a magistrate. On July 10, 1981, Atkins filed several nondispositive motions; the court entered its order on these motions on August 5, 1981. On September 18, 1981, the Government filed a motion to consolidate a case pending against Atkins in the Eastern District of Tennessee with the instant case, and on September 21, 1981, the district court entered an order consolidating the two cases. On October 7, 1981, Atkins was tried on the robbery indictment; the jury returned a guilty verdict. On December 12, 1981, Atkins was sentenced to imprisonment for fifteen years, to run consecutively with sentences imposed by federal district courts in North and South Dakota. Atkins appeals.

## II. *Identification Procedure*

Atkins first contends that the photographic identification procedure through which Mrs. Cunningham identified Atkins in Court was so impermissibly suggestive that it unconstitutionally created a very substantial risk of misidentification.

A violation of due process occurs when an identification procedure is "unnecessarily suggestive and conducive to irreparable mistaken identification." *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). The standard for reviewing identifications by photographs is a two-tiered test: (1) whether the procedure was impermissibly suggestive, and (2) if so, whether this created a very substantial risk of misidentification. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Allen v. Estelle,* 568 F.2d 1108 (5th Cir.1978). Even if the procedure is impermissibly suggestive, an in-court identification is admissible if the identification was reliable in light of the totality of the circumstances. Factors to be considered in evaluating the risk of misidentification are (1) the opportunity of the witness to view the criminal, (2) the witness' degree of attention, (3) the accuracy of the description, (4) the witness' level of certainty, (5) the elapsed time between the crime and the identification, and (6) the corrupting influence of the suggestive identification itself. *Manson,* 432 U.S. at 114, 97 S.Ct. at 2253; *Frank v. Blackburn,* 605 F.2d 910, 913 (5th Cir.1979), *this language specifically adopted but vacated on other grounds,* 646 F.2d 873, 875 (5th Cir.1980) (en banc), *cert. denied,* 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 123 (1981); *Allen v. Estelle,* 568 F.2d at 1113.

In the instant action, there is no evidence that the identification procedure was impermissibly suggestive. The teller, Mrs. Cunningham, testified that an FBI agent brought her a display of seven photographs to review, six or seven months after the robbery. She identified Atkins out of this display as the robber. She testified that the FBI agent in no way, expressly or impliedly, influenced her identification. She also testified that she had never before seen the seven photographs displayed by the FBI agent. She only looked at Atkins' photograph on two occasions: when the FBI agent brought the display to her and the morning of the trial. Shortly after the robbery, she had been shown four other photographs by a detective from the Jackson Police Department, but could not make any identification.

Furthermore, there was little risk of misidentification. Atkins contends that Mrs. Cunningham could not have identified the bank robber without FBI assistance because she had little opportunity to view the bank robber during the two-minute robbery, failed to describe Atkins' clothing to the police, and inaccurately described Atkins' hair as blond, when in fact it was gray. Atkins further contends that Mrs. Cunningham identified Atkins' photograph only because the ten other photographs she reviewed were all dissimilar in appearance. Mrs. Cunningham was specifically trained, however, to observe details of a robbery and had almost two minutes to observe the robber while face-to-face with him in the bank. She gave a description immediately after the robbery that the robber had blue eyes and light or blond hair; in fact, Atkins' photograph shown to Mrs. Cunningham appears to have blond hair with gray in it. Finally, she demonstrated no uncertainty in her in-court and photographic identification of Atkins. Therefore, Mrs. Cunningham's ability to identify Atkins in court was based on her independent recollection and was reliable in light of the totality of the circumstances.

## III. *Right to a Speedy Trial*

Atkins next contends that the district court erred in denying his motion to dismiss the indictment on the ground that his right to a speedy trial was violated. Specifically, Atkins contends that eighty-three days elapsed between his incarceration in this district on June 19, 1981, and the date of his trial, October 7, 1981.

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* (West Supp.1981), allows only

a seventy-day period in which a case must be brought to trial. The seventy days begins to run on either the date the indictment was filed or the date the defendant was arraigned before a judicial officer in the district in which the charge is pending.[1] In this case the indictment was filed on January 7, 1981; Atkins was arraigned before a magistrate on June 29, 1981. Since the later occurrence is the date of arraignment, the seventy-day period began to run with Atkins' arraignment on June 29, 1981. Atkins argues that the date he was transferred to the Southern District of Mississippi is the date on which the speedy trial clock begins to run. This date, however, is irrelevant for Speedy Trial Act purposes. His Speedy Trial Act allegation is without merit unless more than seventy days elapsed between the time of his arraignment (June 29, 1981) and the date of trial (October 7, 1981). *See, e.g., United States v. Jodoin,* 672 F.2d 232, 236 (1st Cir.1982); *United States v. Regilio,* 669 F.2d 1169, 1172 (7th Cir.1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 2959, 73 L.Ed.2d 1350 (1982); *Furlow v. United States,* 644 F.2d 764, 768 (9th Cir.), *cert. denied,* 454 U.S. 871, 102 S.Ct. 340, 70 L.Ed.2d 175 (1981).

■ Section 3161(h) of the Act enumerates certain periods of delay resulting from proceedings concerning the defendant which are excluded in computing the seventy-day period. Atkins asserts that, in counting the seventy days, the period from September 18 to September 21 is not excludable time under the Act. On September 18, the Government filed a motion to consolidate this case with the criminal indictment pending against Atkins in the Eastern District of Tennessee; Atkins consented to disposition of the Tennessee indictment in this fashion. On September 21, the court entered an order granting the Government's motion to consolidate. The time period from September 18, 1981, to September 21, 1981, in which the motion to consolidate was pending before the court, falls squarely within the terms of Section 3161(h)(1)(G) as "delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure." The only possible doubt is whether this excludable time consists of three or four days. The question need not be decided, however, since even if only three days are excludable under this provision, defendant was still brought to trial within the seventy-day deadline.

Atkins concedes that the period from July 10, 1981 (the date several nondispositive motions were filed) through August 5, 1981 (the date the discovery order was entered) is excludable pursuant to section 3161(h)(1)(F) for purposes of calculating the seventy days between arraignment and trial. Section 3161(h)(1)(F) provides an exclusion for "delay resulting from any pretrial motion, from the filing of the motion *through* the conclusion of the hearing on, or other prompt disposition of, such motion." (emphasis added). Atkins concedes that this excludable period consists of twenty-seven days. *See Jodoin,* 672 F.2d at 237 n. 7; *Furlow,* 644 F.2d at 768 (period from April 24 to May 5 consisted of twelve days of excludable time).

■ Atkins argues, however, that on August 5, 1981, the magistrate entered an improper order which allowed the Government thirty days to comply with discovery and provided that this thirty-day period, August 5 through September 4, was excludable time pursuant to section 3161(h)(1)(F) of the Act. We need not decide the question of whether the magistrate entered a proper order under the Act because assum-

---

1. 18 U.S.C. § 3161(c)(1) of the Speedy Trial Act provides as follows:

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate on a complaint, the trial shall commence within seventy days from the date of such consent.

ing arguendo, that the order was improper and the time was not excludable, Atkins was still brought to trial within seventy days. If we exclude the periods of (1) July 10 through August 5 (twenty-seven days)[2] and (2) September 18 through September 21 (assuming only three days),[3] a count from June 29 (date of arraignment)[4] to October 7 (date of trial) gives seventy days. Since only seventy days elapsed between Atkins' arraignment and trial, there was no violation of the Speedy Trial Act in this case.

## IV. *Sufficiency of the Evidence*

Atkins finally contends that the Government failed to prove beyond a reasonable doubt that the crime was committed by "force and violence, or by intimidation" under 18 U.S.C. § 2113(a). Because the statute is worded in the disjunctive, proof beyond a reasonable doubt of "intimidation" is sufficient, even though the indictment was worded in the conjunctive. *See United States v. Jacquillon,* 469 F.2d 380, 386 (5th Cir.1972), *cert. denied,* 410 U.S. 938, 93 S.Ct. 1400, 35 L.Ed.2d 604 (1973). In considering the sufficiency of the evidence, this Court must read the evidence in the light most favorable to the Government and must reverse the convictions only if it finds that any reasonable jury must necessarily have entertained a reasonable doubt as to the defendant's guilt. *Glasser v. United States, supra; United States v. Ocanas,* 628 F.2d 353, 360 (5th Cir.1980), *cert. denied,* 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 840 (1981).

Viewed most favorably to the Government, the evidence clearly reflects intimidation. Testimony showed that Atkins entered the bank, presented the teller with a note which read, "Pull out your money or I'll pull out a gun." The teller, Mrs. Cunningham, testified that Atkins lunged toward her teller's cage as he picked up the note and left the bank. Her testimony at trial showed she was frightened. In view of these facts, it cannot be said that the jury exceeded the scope of its discretion in finding intimidation. *See Jacquillon,* 469 F.2d at 385.

The judgment of the district court is affirmed.

AFFIRMED.

---

**2.** Excluded pursuant to 18 U.S.C. § 3161(h)(1)(F).

**3.** Excluded pursuant to 18 U.S.C. § 3161(h)(1)(G).

**4.** This Court begins its count on June 30, the day after defendant was arraigned. The day of arraignment itself does not count as part of the basic 70-day period. *See* 18 U.S.C. § 3161(c)(1); *Furlow,* 644 F.2d at 768; *Jodoin,* 672 F.2d at 237 n. 7.