UNITED STATES of America,
Plaintiff-Appellee,

v.

Bill Charles GRAY,
Defendant-Appellant.

No. 86–7205
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 2, 1987.

Bill Charles Gray, pro se.

E.T. Rolison, Asst. U.S. Atty., Mobile, Ala., for plaintiff-appellee.

Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant Bill Charles Gray was convicted on two counts: conspiracy to assault and rob a postal employee (18 U.S.C.A. § 371), and assault and robbery of a postal contract driver (18 U.S.C.A. § 2114). He was sentenced to 25 years for assault and robbery, and 5 years for conspiracy, both terms to run concurrently.

On a motion to correct an illegal sentence, Fed.R.Crim.P. 35(a), he contended the evidence showed the gun used in the crime was not loaded so his sentence could only have been for 10 years, not 25. The district court correctly denied the motion.

In decisions binding on this Circuit, this Court has held that a gun used in connection with a robbery is, as a matter of law, a dangerous weapon, and that those on the immediate scene of the robbery are placed in an objective state of danger, regardless of whether there is proof that the gun was loaded. *United States v. Parker*, 542 F.2d 932, 934 (5th Cir.1976), *cert. denied*, 430 U.S. 918, 97 S.Ct. 1333, 51 L.Ed.2d 597 (1977). *See also McLaughlin v. United States*, — U.S. —, 106 S.Ct. 1677, 90 L.Ed.2d 15 (1986); *Baker v. United States*, 412 F.2d 1069 (5th Cir.1969), *cert. denied*, 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509 (1970).

The fact that a gun was used in the commission of a crime under 18 U.S.C.A. § 2114 is sufficient for the imposition of the 25–year enhanced sentence, even though the gun was not loaded.

AFFIRMED.