**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Margaret Carolyn COBURN,**
**Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Margaret Carolyn COBURN,**
**Defendant–Appellee.**

Nos. 88–2514, 88–2644.

United States Court of Appeals,
Fifth Circuit.

June 14, 1989.

Nancy M. Simonson, J.A. Canales, Canales & Associates, Corpus Christi, Tex., for Margaret Carolyn Coburn in No. 88–2514.

Paula C. Offenhauser, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., for U.S. in No. 88–2514.

Paula C. Offenhauser, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Brett L. Grayson, Asst. U.S. Atty., Houston, Tex., for U.S. in No. 88–2644.

J.A. "Tony" Canales, Canales & Associates, Corpus Christi, Tex., for Margaret Carolyn Coburn in No. 88–2644.

Before CLARK, Chief Judge, and REAVLEY and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

Margaret Carolyn Coburn appeals her convictions for possession with intent to distribute marihuana, 21 U.S.C. § 841(a)(1), and carrying or possessing a firearm during a drug trafficking offense, 18 U.S.C. § 924(c)(1), contending that (1) the marihuana was seized as a result of an illegal search; (2) her possession of a firearm was not "in relation to" a drug trafficking offense; (3) the indictment failed to charge a "drug trafficking" offense within the meaning of 18 U.S.C. § 924(c); and (4) the evidence was insufficient to support her conviction for possession with intent to distribute marihuana. Finding sufficient evidence to support the convictions and no clearly erroneous finding of fact or error of law, we affirm.

*Background*

On December 15, 1987, Coburn, a United States citizen, was stopped at the Sarita, Texas border checkpoint by agent Daniel Duran of the United States Border Patrol. Coburn was driving a 1978 pickup truck which had a toolbox and assorted items of farm equipment in the bed. A gun rack in the rear window of the pickup held a .410 gauge shotgun. The gun was unloaded and there were no shells for it in the vehicle.

After inquiring into Coburn's citizenship, the agent asked her permission to look inside the toolbox fastened to the bed of the truck. Coburn consented. Upon inspection, the agent noticed that the retaining bolts on one end had recently been removed. Tapping the gas tank mounted just below the toolbox, the agent noted that the back part of the tank sounded solid while the front sounded hollow. His suspicions aroused, the agent escorted Coburn to the secondary inspection station and requested permission to take a "closer look at the truck." Coburn again assented.

When Duran discovered that the bolts on the opposite end of the toolbox also had

been removed recently, he returned to the checkpoint trailer and advised Coburn of her *Miranda* rights. He then informed Coburn that he suspected that there was a compartment in the gas tank and he asked if he could look further. Coburn consented. Using hand tools Duran removed the toolbox and discovered a door outlined with duct tape. The door accessed the gas tank and the agent found 218 pounds of marihuana inside.

When confronted with this discovery Coburn stated that she had borrowed the truck from a friend, Michael Moss, who worked as a foreman on a nearby ranch. The truck was in fact registered to Michael Moss. Coburn first stated that she had gotten the truck at Moss' ranch in Harlingen, but when an airport parking stub was found in her purse she said that she had picked up the truck at the airport.

Coburn was indicted for possession with intent to distribute marihuana in violation of 21 U.S.C. § 841(a)(1) and carrying or possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Coburn moved to suppress the fruits of the border agent's search. The government maintained that Coburn had consented to the search and the district court denied the motion to suppress. A jury convicted Coburn on both counts. She timely appeals.

## Analysis

Coburn challenges the district court's finding that she consented to the search of the gas tank, contending that she merely yielded to a show of authority and that, regardless, the search exceeded the scope of her consent. "[W]here the validity of a search rests on consent, the State has the burden of proving that the necessary consent was obtained and that it was freely and voluntarily given." *Florida v. Royer,* 460 U.S. 491, 497, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229, 236 (1983). Furthermore, where consent is given, failure of the government to keep the search within the limits consented to taints the search. *Mason v. Pulliam,* 557 F.2d 426, 429 (5th Cir.1977).

Whether the consent to search is knowing and voluntary is a question of fact to be determined from all of the circumstances, and a finding of consent may be overturned on appeal only if found to be clearly erroneous. *United States v. Sutton,* 850 F.2d 1083 (5th Cir.1988). We will reject the trial court's finding only if, after giving due regard to the opportunity of the trial court to judge the credibility of the witnesses, we are left with the "definite and firm conviction that a mistake has been committed." *Id.* at 1085; *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

Our review of the record impels no such conclusion, but rather persuades that the district court did not err in finding that Coburn consented to the search. Agent Duran testified that he asked Coburn's permission to look in the toolbox and that she consented. He further testified that after the initial inspection he informed Coburn of his suspicion "that there might be a compartment inside the gas tank that was on her pickup." He then advised Coburn of her *Miranda* rights and requested "permission to go look into the tank." The trial court obviously credited this testimony in finding that Coburn consented to his requests. We further conclude that the removal of the toolbox over the tank and accessing the tank for inspection of its contents were actions Coburn reasonably could anticipate when she agreed to the search. The court did not err in refusing to suppress the evidence of the marihuana.

Coburn next contends that her conviction for violating 18 U.S.C. § 924(c) should be reversed because there was insufficient proof that the unloaded shotgun was used in relation to a drug trafficking offense. In evaluating the sufficiency of evidence we consider the evidence in the light most favorable to the government, drawing all reasonable inferences and making all credibility choices which support the jury's verdict. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). The evidence will be deemed sufficient if a rational trier-of-fact could have found the essential elements of the charged crime

proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Section 924(c) provides in pertinent part: "[W]hoever, *during and in relation to* any ... drug trafficking crime ... uses or carries a firearm, shall ... be sentenced to imprisonment for five years." (Emphasis added.) The language, "and in relation to," was added to the statute in 1984, specifically to allay the concern that a person might be prosecuted under section 924(c) for committing an entirely unrelated crime while in possession of a firearm. S.Rep. No. 225, 98th Cong., 1st Sess. 312, 314 (1983), *reprinted in* 1984 U.S.Code Cong. & Ad. News 3182, 3490, 3492 n. 10. The clear purpose of section 924(c) is to impose more severe sanctions in those instances in which firearms facilitate, or have the potential of facilitating, the commission of certain serious crimes. *United States v. Stewart*, 779 F.2d 538 (9th Cir.1985); *United States v. LaGuardia*, 774 F.2d 317 (8th Cir.1985). Consistent therewith, the government had to prove as an essential element of the offense that a relationship existed between the .410 shotgun and the underlying drug trafficking offense.

We have held that possession of a firearm may constitute the proscribed "use" if the possession is "an integral part of the felony." *United States v. Robinson*, 857 F.2d 1006, 1010 (5th Cir.1988). The government need not prove an actual use or brandishing of the weapon. In this we agree with our Ninth Circuit colleagues:

> If the firearm is within the possession or control of a person who commits an underlying crime as defined by the statute, and the circumstances of the case show that the firearm facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others, whether or not such display or discharge in fact occurred, then there is a violation of the statute.

*Stewart*, 779 F.2d at 540. *See also United States v. Brockington*, 849 F.2d 872 (4th

Cir.1988); *United States v. Matra*, 841 F.2d 837 (8th Cir.1988).

The fact that a firearm is "unloaded" or "inoperable" does not insulate the defendant from the reach of section 924(c). *See United States v. York*, 830 F.2d 885, 891 (8th Cir.1987), *cert. denied* — U.S. —, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988). As the Supreme Court has recognized, an unloaded firearm is a dangerous weapon capable of provoking a violent response. *McLaughlin v. United States*, 476 U.S. 16, 18, 106 S.Ct. 1677, 1678, 90 L.Ed.2d 15 (1986) ("[T]he display of a gun instills fear in the average citizen; as a consequence, it creates an immediate danger that a violent response will ensue.") (footnote omitted). *See also Reed v. Butler*, 866 F.2d 128 (5th Cir.1989) (for discussion of unloaded or inoperable guns as dangerous weapons generally).

■ In the case at bar, the trial judge explicitly instructed the jury that possession of the firearm alone was insufficient to sustain a conviction under section 924(c), and that to convict Coburn of that offense the jury had to find that she intended that the firearm facilitate or play a role in the commission of the drug trafficking offense. It was not unreasonable for the jury to infer from the evidence that the shotgun displayed in the rear window of the pickup truck "emboldened" Coburn, allowing her to display the weapon to protect herself or to intimidate those whom she might meet in the course of distributing the marihuana. The jury was free to reject, as it apparently did, Coburn's assertion that the shotgun belonged to another party and innocently or inadvertently was present in the borrowed vehicle.

■ Coburn also contends that the indictment which charged that she "did unlawfully, knowingly, and intentionally carry or possess a firearm ... during and in relation to a drug trafficking crime involving distribution of a controlled substance" fails to charge an offense because "possession with intent to distribute" is not a predicate "drug trafficking crime" within the definition of 18 U.S.C. § 924(c). This contention is without merit. In *United*

*States v. Robinson,* 857 F.2d 1006 (5th Cir.1988), we definitively resolved this issue by holding that possession of cocaine with intent to distribute is a drug trafficking crime within the meaning of section 924(c)(1). So, too, is the possession of marihuana with intent to distribute.

The motion to suppress appropriately was denied. The evidence supports the convictions. The jury could find that Coburn used the .410 shotgun during or in relation to her commission of the drug trafficking offense of possession of marihuana with intent to distribute.

■ The district court held unconstitutional a portion of the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.,* specifically 18 U.S.C. § 3553(b) and the last sentence of § 3553(e). In this the trial court erred. In the intervening decision in *Mistretta v. United States,* 488 U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), the Supreme Court found that the Sentencing Reform Act of 1984, the United States Sentencing Commission, and the Sentencing Guidelines all passed constitutional muster. The government's post-*Mistretta* motion to remand for resentencing was ordered carried with the case. We now grant that relief. Inasmuch as the district court erred in declining to sentence pursuant to the Sentencing Reform Act and the Sentencing Guidelines, the sentences must be VACATED and the matter must be REMANDED for resentencing consistent therewith.

Convictions AFFIRMED; sentences VACATED, matter REMANDED.