947 F.2d 942
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darren MOSS, Defendant-Appellant.
 No. 90-5502.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 3, 1991.
Decided Oct. 25, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-90-6-5-CR)
 Spurgeon Fields, III, Raleigh, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Jane H. Jolly, Assistant United States Attorney, John Stuart Bruce, First Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, SPROUSE and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Darren Moss pled guilty to possession of 97 grams of cocaine with intent to distribute (21 U.S.C. § 841) and use of a firearm during a drug trafficking crime (18 U.S.C. § 924(c)). He appeals the mandatory five-year consecutive sentence imposed on the § 924(c) conviction. We affirm.
 
 
 2
 Moss argues on appeal that, had he been able to show that he was unaware of the gun's presence in the closet where the drugs were found or that he knew the gun was inoperable,[1] he might have received a more lenient sentence. However, Moss did not receive an enhancement of his base offense level for use of a firearm during a drug offense under U.S.S.G. § 2D1.1(b)(1); rather, he pled guilty to a violation of 18 U.S.C. § 924(c), a separate offense from the drug offense and one which carries a mandatory sentence. Moss has never sought to withdraw his guilty plea.[2]
 
 
 3
 Moreover, the fact that the gun was inoperable did not invalidate the conviction. The gun was found in the same closet as the cocaine. The gun's relation to the drug offense may be simply its availability for display to intimidate others or embolden its owner, whether or not display or discharge occurs. See United States v. Coburn, 876 F.2d 372 (5th Cir.1989) (citing United States v. Stewart, 779 F.2d 538, 540 (9th Cir.1985)).
 
 
 4
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 When tested after Moss's arrest, the gun did not fire
 
 
 [2]
 Because this issue does not concern the application of the Sentencing Guidelines and because Moss pleaded guilty, he also has waived his right to challenge this nonjurisdictional error. See Hayle v. United States, 815 F.2d 879 (2d Cir.1987)