IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41092
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JODY LENARD,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97-CR-26-1
- - - - - - - - - - -
April 15, 1998

Before DUHE', DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Jody Lenard has appealed his convictions for obstructing and affecting commerce by committing robbery and for using and carrying a firearm during and in relation to a crime of violence. Lenard contends that the evidence of guilt was insufficient. Because Lenard failed to renew his motion for judgment of acquittal after resting his case, we have reviewed the evidence to determine whether Lenard's convictions have resulted in a manifest miscarriage of justice. United States v. Johnson, 87 F.3d 133, 136 (5th Cir. 1996), cert. denied, 117 S. Ct. 1482

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1997). A "miscarriage of justice would exist only if the record is devoid of evidence pointing to guilt." United States v. Robles-Pantoja, 887 F.2d 1250, 1254 (5th Cir. 1989) (internal quotations omitted).

Lenard contends that his convictions for obstructing and affecting commerce by committing robbery, in violation of 18 U.S.C. § 1951 (the Hobbs Act), were based upon insufficient evidence because they relied upon the testimony of two cooperating codefendants only. "The uncorroborated testimony of an accomplice or coconspirator will support a conviction . . . [as long as the] testimony is not incredible or otherwise insubstantial on its face." United States v. Singer, 970 F.2d 1414, 1419 (5th Cir. 1992).

"There are . . . two elements in a Hobbs Act prosecution: (1) a robbery, act of extortion, or an attempt or conspiracy to rob or extort; and (2) an interference with interstate commerce." United States v. Robinson, 119 F.3d 1205, 1212 (5th Cir. 1997), cert. denied, ___ S. Ct.___ (Feb. 23, 1998) (No. 97-7566), 1998 WL 70452. Lenard's argument challenges the Government's proof as to the first element. The record is not "devoid of evidence" showing that Lenard committed the robberies. See Robles-Pantoja, 887 F.2d at 1254. The testimony of Lenard's accomplices was not incredible or insubstantial. See Singer, 970 F.2d at 1419.

Lenard argues that his firearms convictions, under 18 U.S.C. § 924(c), should be reversed because he never personally possessed a firearm in connection with the robberies. The elements of a § 924(c) offense which the Government must prove

are that "(1) th[e] defendant knowingly used or carried a firearm, and (2) the use or carrying of the firearm occurred during and in relation to a 'crime of violence.'" United States v. Harris, 25 F.3d 1275, 1279 (5th Cir. 1994). "The 'carrying' requirement of Section 924(c) is met where a defendant operates a vehicle knowing the firearm is in the car." United States v. Speer, 30 F.3d 605, 612 (5th Cir. 1994) (citing United States v. Ruiz, 986 F.2d 905, 910 (5th Cir. 1993)). In Ruiz, the court affirmed the appellant's § 924(c) convictions on similar facts. See 986 F.2d at 907-11. The district court's judgment is

AFFIRMED.