# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2015

Lyle W. Cayce
Clerk

No. 15-40180
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EMILIO PADILLA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-747-2

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Emilio Padilla appeals the jury's verdict finding him guilty of two counts of being an alien unlawfully present in the United States in possession of a firearm, a violation of 18 U.S.C. § 922(g)(5)(A).  Although Padilla has been released from custody, his appeal is not moot because he challenges his conviction, which is presumed to have collateral consequences.  *See Spencer v Kemna*, 523 U.S. 1, 8 (1998); *see also United States v. Villamonte-Marquez*, 462

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40180

U.S. 579, 581 n.2 (1983) (noting that appeal not moot due to potential adverse immigration consequences).

Padilla's argument that the Government failed to prove venue is without merit because the jury heard testimony that the firearms were found in Alamo, Texas, which is in the Southern District of Texas. *Cf., United States v. Winship*, 724 F.2d 1116, 1124 (5th Cir. 1984) (recognizing that venue is established if the trial is in the same district as the crime's commission).

Padilla offered no authority, in either the district court or this court, disputing the immigration official's testimony that he was in the United States without authorization. His argument that the Government failed to show that he was illegally or unlawfully in the United States is thus without merit. *See United States v. Orellana*, 405 F.3d 360, 366 (5th Cir. 2005) (footnote and citation omitted). Moreover, this court has recognized that an alien who has acquired unlawful or illegal status does not relinquish that status merely because he is allowed to remain in the United States while an application for adjustment of status is pending. *See United States v. Elrawy*, 448 F.3d 309, 314 (5th Cir. 2006).

The Government established that Padilla claimed ownership of the firearms and admitted physically handling them, and that he had access to the safe in which the firearms were discovered. Based on such, a rational trier of fact could easily have found beyond a reasonable doubt that Padilla possessed the firearms. *See United States v. Hagman*, 740 F.3d 1044, 1048 (5th Cir. 2014). The Government also established that the firearms were manufactured in Austria and that they travelled across state lines. Although the Government was not required to establish that the firearms were operable, it provided testimony supporting such a finding. *See United States v. Ruiz*, 986 F.2d 905, 910 (5th Cir. 1993).

No. 15-40180

To the extent that Padilla sought to raise the issue whether the district court erred in not granting a mistrial, the issue is insufficiently briefed and is thus waived. *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006). AFFIRMED.