# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2021

Lyle W. Cayce
Clerk

No. 19-50932
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Raul Ramos,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CR-391-1

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Raul Ramos pleaded guilty to: (1) one count of conspiracy to interfere with commerce by threats or violence, a violation of 18 U.S.C. § 1951; (2) one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and 100 grams or

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

more of heroin, a violation of 21 U.S.C. § 841(b)(1)(B) and 21 U.S.C. § 846; and (3) one count of possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). Ramos was a leader and member of the Texas Mexican Mafia (TMM) and was involved in the group's conspiracy to commit drug trafficking activities in defined territories. The TMM mandated that nonmembers who distributed narcotics pay a tax, known as "the dime," on the proceeds of their drug transactions. Ramos denied collecting the dime but acknowledged that it was occurring. The district court sentenced Ramos to concurrent terms of 240 months of imprisonment on the § 1951 conviction, life imprisonment on the § 846 conviction, and 120 months of imprisonment on the § 922(g)(1) conviction.

Ramos contends that there was an insufficient factual basis to support each of his guilty plea convictions. Because he did not raise this challenge in the district court, we will review Ramos's claims for plain error. *See United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc). To succeed on plain error review, Ramos must establish that there was (1) an error (2) that was clear or obvious and (3) that affected his substantial rights. *United States v. Delgado*, 672 F.3d 320, 329 (5th Cir. 2012) (en banc). For an error to affect Ramos's substantial rights, he must show that there is a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). If Ramos makes this showing, we then have discretion to remedy the error, which we should exercise only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Delgado*, 672 F.3d at 329 (internal quotation marks, brackets, and citation omitted).

A district court may not enter a judgment of conviction based on a guilty plea unless there is a factual basis for the plea. FED. R. CRIM. P. 11(b)(3). To determine whether the factual basis supports a guilty plea, "[t]he district court must compare (1) the conduct to which the defendant

admits with (2) the elements of the offense charged in the indictment or information." *United States v. Hildenbrand*, 527 F.3d 466, 474–75 (5th Cir. 2008) (internal quotation marks and citation omitted). In assessing the sufficiency of the factual basis under the plain error standard, we "may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction." *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).

Ramos contends that the factual basis for his § 1951 guilty plea conviction was insufficient because he never admitted to participating in a conspiracy, including collecting the "dime," or knowing which individuals did so. However, considering Ramos's admitted knowledge of "dimes" being collected by TMM members, testimony about the organization of the TMM and its drug trafficking activities, and statements of his co-conspirators about Ramos's orders to commit acts of violence, there was sufficient evidence, under plain error review, that Ramos was part of a conspiracy to interfere with commerce by threats or violence under § 1951. *See Delgado*, 672 F.3d at 329; *United States v. Robinson*, 119 F.3d 1205, 1212 (5th Cir. 1997). During the change of plea hearing, the district court properly compared Ramos's admissions and the statements of his co-conspirators with the elements of a § 1951 offense, and therefore it had a sufficient factual basis to accept Ramos's § 1951 guilty plea. *See United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020).

Ramos argues that the factual basis for his § 846 conviction was insufficient because it did not establish that he conspired with the TMM to possess with intent to distribute methamphetamine and heroin. He also asserts that the Government failed to establish that he possessed more than 100 grams of heroin. However, considering Ramos's admitted knowledge of the TMM's drug trafficking activities, evidence that he conceded ownership of at least one kilogram of heroin, and other testimony and evidence about

the organization of the TMM and its drug trafficking activities, there was sufficient evidence under plain error review that Ramos was part of a conspiracy to possess with intent to distribute methamphetamine and heroin under § 846. *See United States v. Nieto*, 721 F.3d 357, 367 (5th Cir. 2013); *Delgado*, 672 F.3d at 329. Furthermore, during the change of plea hearing, the district court fulfilled its duty by comparing Ramos's admissions and other evidence against him to the elements of a § 846 offense. *See Cooper*, 979 F.3d at 1089.

Ramos contends that the factual basis for his guilty plea to the § 922(g)(1) firearm charge was insufficient because the Government failed to prove that the firearm was operable. However, the Government was not required to present evidence that the firearm was operable because the gun need not be operable as long as it was designed to expel a projectile. *See United States v. Ruiz*, 986 F.2d 905, 910 (5th Cir. 1993). Moreover, although at rearraignment, Ramos might have expressed doubt about the functionality of the firearm, he clarified that he had never tried to fire it. In light of those statements and testimony by an FBI agent that the firearm had a loaded receiver, there was sufficient evidence that Ramos committed a § 922(g)(1) offense. It thus was not clear or obvious error for the district court to find a sufficient factual basis for Ramos's guilty plea to the offense. *See United States v. Broadnax*, 601 F.3d 336, 341 (5th Cir. 2010); *Delgado*, 672 F.3d at 329. Also, the district court adequately compared the elements of a § 922(g)(1) offense with Ramos's admissions and the evidence against him during the change of plea hearing. *See Cooper*, 979 F.3d at 1089.

Ramos also contends that the district court erroneously relied on hearsay testimony at sentencing. Ramos correctly concedes, however, that we have held that a defendant's confrontation right does not extend to sentencing proceedings, and he acknowledges that his contention is

foreclosed under our precedent.  *See United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006). He seeks only to preserve the issue for further review.

AFFIRMED.