**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mary Beth THOMPSON, Defendant–**
**Appellant.**

No. 96–30394
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 23, 1997.

Steven Jay Irwin, Stephen A. Higginson, Asst. U.S. Atty., U.S. Attorney's Office, New Orleans, LA, for Plaintiff–Appellee.

Mary Beth Thompson, Fort Worth, TX, pro se.

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:

Mary Beth Thompson ("Thompson") appeals the district court's denial of her 28 U.S.C. § 2255 motion contending that her conviction and sentence for using and carrying firearms in relation to the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), should be reversed in light of the Supreme Court's recent decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Finding Thompson's contentions to have merit, we reverse her conviction under 18 U.S.C. § 924(c)(1).

## FACTS AND PROCEEDINGS BELOW

Thompson was convicted pursuant to a plea bargain of, *inter alia,* using and carrying firearms in relation to the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Thompson's arrest followed the execution of a search warrant on her residence. At Thompson's house Drug Enforcement Agency ("DEA") agents found amphetamine, chemicals used in the manufacturing of amphetamine and two semi-automatic pistols. The firearms charged to Thompson were found in two different bureau drawers in a bedroom, with one of the pistols being in a purse within a bureau drawer. Thompson was not in the bedroom

when the search warrant was executed and no drugs were found in the room in which the firearms were found.

On March 8, 1996, Thompson filed this § 2255 motion seeking to have her conviction and sentence on the firearm charge overturned in light of the Supreme Court's *Bailey* decision. The district court denied the § 2255 motion. Thompson timely appealed the denial to this court, filing her notice of appeal prior to April 24, 1996, the date on which the President signed the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104–132, 110 Stat. 1214.

## DISCUSSION

### A.

■ The AEDPA amended 28 U.S.C. § 2253 to require a certificate of appealability ("COA") before an appeal may proceed in a § 2255 action. This court recently determined that the COA requirement does not apply retroactively to petitioners who filed § 2255 appeals in which the final judgment and notice of appeal were entered before the AEDPA's effective date. *United States v. Rocha,* 109 F.3d 225, 229 (5th Cir.1997). Accordingly, Thompson is not subject to the COA requirement and we proceed to the merits of her appeal.[1]

### B.

■ In reviewing a district court's denial of a § 2255 motion, we examine the lower court's factual findings for clear error and its conclusions of law *de novo. United States v. Faubion,* 19 F.3d 226, 228 (5th Cir.1994).

Thompson argues that the Supreme Court's *Bailey* decision should be applied retroactively and that in light of that decision, the evidence is insufficient to sustain her conviction for using or carrying a firearm

in relation to a drug trafficking offense. She argues that the firearms with which she was charged were not found on her person, in her possession or within the vicinity of her arrest and therefore she could not be found to be either "using" or "carrying" the firearms, as required by the statute under which she was convicted. Thompson contends that under *Bailey,* she could not have been convicted based on the mere storage of a firearm near drugs or drug proceeds.

■ Section 924(c)(1) is violated when a defendant "during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm." 18 U.S.C. § 924(c)(1). Prior to *Bailey,* this court had held that § 924(c) merely "requires evidence that the firearm was available to provide protection to the defendant in connection with his engagement in drug trafficking." *United States v. Ivy,* 973 F.2d 1184, 1189 (5th Cir.1992) (internal quotation and citation omitted). In *Bailey,* the Supreme Court addressed the "use" aspect of a conviction under § 924(c) and held that such a conviction requires evidence sufficient to "show active employment of the firearm" by the defendant. *Bailey,* —— U.S. at ——, 116 S.Ct. at 506. *Bailey* defined "use" as including "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." *Id.* at ——, 116 S.Ct. at 508. The *Bailey* Court did not alter the understanding of criminal liability for the "carry" component of § 924(c). *United States v. Still,* 102 F.3d 118 (5th Cir.1996), *petition for cert. filed,* 65 U.S.L.W. 3632 (U.S. Mar. 10, 1997) (No. 96–1440); *United States v. Rivas,* 85 F.3d 193, 195 (1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 593, 136 L.Ed.2d 521 (1996). Because Thompson pleaded guilty to an indictment stating that she "knowingly used *and* carried a firearm"

---

1. The AEDPA also added a requirement for petitioners seeking to file successive § 2255 motions. Under amended § 2255, a petitioner seeking to file a second or successive § 2255 petition must apply for leave to do so from this court in the form of a 28 U.S.C. § 2244(b)(3) motion. *See Liriano v. United States,* 95 F.3d 119, 122 (2d Cir.1996). A second or successive § 2255 petition must be certified as provided in 28 U.S.C. § 2244 by a panel of this court to contain either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 (as amended by the AEDPA). Because Thompson filed the instant successive § 2255 motion and notice of appeal from final judgment prior to the AEDPA's enactment, no such order was required. *See Rocha,* 109 F.3d 225.

(emphasis added), the Government is only required to prove evidence to support one of the acts charged, *i.e.*, the use prong *or* the carry prong. *See Turner v. United States*, 396 U.S. 398, 420–21, 90 S.Ct. 642, 654–55, 24 L.Ed.2d 610 (1970). Thus, Thompson's conviction may stand if the "carry" prong of the statute is satisfied.[2]

■ The district court denied Thompson's § 2255 motion based on a finding of sufficient evidence to support Thompson's conviction under the "carry" prong of § 924(c). As mentioned previously, we review the district court's factual findings for clear error and its legal conclusions *de novo*. In this case, it appears that the district court committed error by relying on the Government's synopsis of what *it would have produced* to convict Thompson had she not pleaded guilty to deny Thompson's § 2255 motion. The record and the Government's own recitation of facts in its brief reflect that the firearms were found in a different room than that in which Thompson was arrested and were found in bureau drawers, rather than in Thompson's possession as suggested by the district court.

■ Relying on these facts as presented in the record, we now consider their sufficiency to fulfill the "carry" prong of § 924(c)(1). We have previously articulated the meaning of "carry" in § 924(c)(1). In *United States v. Hall*, 110 F.3d 1155, 1161 (5th Cir.1997), and in *United States v. Fike*, 82 F.3d 1315, 1328 (5th Cir.1996), we explained that "carry" in § 924(c)(1) involves moving or transporting the firearm in some fashion, or bearing the firearm upon one's person in some way. It is clear that "carry" connotes more than mere possession. *Hall*, 110 F.3d at 1161. In this case, the firearms were not on Thompson's person, within her reach, or even in the same room. Rather, they were stored in bureau drawers in a separate room, a factual situation vastly insufficient to support a conviction under the "carry" prong of § 924(c)(1). *See Hall*, 110

F.3d at 1161–62 (citing cases holding that "carry" involves some dominion or control and a showing that gun was within reach and holding that there was no factual basis for plea of guilty to "carry" conviction where firearm in same room as defendant but no evidence that defendant transported firearm, had it on person, or would have been able to reach firearm).

### C.

■ The Government argues that even if a post-*Bailey* consideration of the factual basis for Thompson's guilty plea to the § 924(c)(1) charge reveals there to be an insufficient factual basis to sustain the conviction, as we have already found, Thompson's conviction may be sustained under the *Pinkerton* doctrine of coconspirator liability because Thompson's coconspirator used and carried one of the described firearms in relation to the business of the drug conspiracy on an occasion prior to the search of Thompson's home. *See Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). Under *Pinkerton*, a defendant can be held liable for the acts of a coconspirator committed in furtherance of a conspiracy, including a violation of § 924(c)(1), as long as the acts were reasonably foreseeable. *Pinkerton*, 328 U.S. at 645–48, 66 S.Ct. at 1183–84; *United States v. Wilson*, 105 F.3d 219, 221 (5th Cir.1997); *Fike*, 82 F.3d at 1327–28 (post-*Bailey* decision utilizing *Pinkerton* theory of liability). The Government urges that we sustain Thompson's conviction under a *Pinkerton* theory of liability. We cannot. It may be that Thompson can be held liable for her co-conspirator's actions to support her conviction under § 924(c)(1), however, there is no factual basis in this record on which to do so. Before accepting a guilty plea, a district court must determine if there is an adequate factual basis to support the plea. Fed.R.Crim.P. 11(f); *see also Hall*, 110 F.3d 1155; *United States v. Briggs*, 920 F.2d 287, 293 (5th Cir.1991). Because there is no fac-

---

2. This court recently held that the Supreme Court's *Bailey* decision applies retroactively. *United States v. McPhail*, 112 F.3d 197 (5th Cir. 1997). Under *Bailey*, Thompson could not be convicted under the "use" provision for the presence of a firearm in the drawer of a bureau in a different room. *See Bailey*, —— U.S. at ——, ——, 116 S.Ct. at 505, 508 (" 'use' cannot extend to encompass [the] action" of "conceal[ing] a gun nearby to be ready for an imminent confrontation").

# 308

tual basis in this record to support a *Pinkerton* theory of liability for Thompson's conviction, we cannot sustain the conviction on such a basis. *See United States v. Oberski,* 734 F.2d 1030, 1031 (5th Cir.1984).

## CONCLUSION

■ For the foregoing reasons, we conclude that there is not a factual basis for Thompson's plea of guilty to the use and carrying of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). When a plea has been accepted in violation of Rule 11(f), our practice is to reverse, vacate and remand for entry of a new plea. *Hall,* 110 F.3d at 1162. Accordingly, Thompson's conviction and sentence with respect to the use and carrying of a firearm are REVERSED and VACATED, and this case is REMANDED for further proceedings.