**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-11457**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ROY PERKINS, JR.,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Northern District of Texas
(5:95-CV-94-C)
_____

January 23, 1998

Before JONES and SMITH, Circuit Judges, and FITZWATER, District
Judge.[*]

PER CURIAM:[**]

Defendant-appellant Roy Perkins, Jr. pled guilty to a

single-count superseding information charging him with using and

carrying a firearm during and in relation to a drug-trafficking

---

[*] District Judge of the Northern District of Texas, sitting
by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

crime in violation of 18 U.S.C. § 924(c)(1)-(2). The district court sentenced Perkins to a 120-month term of imprisonment, to be followed by a three year term of supervised release. Perkins did not pursue a direct appeal. He subsequently filed a habeas corpus motion pursuant to 28 U.S.C. § 2255.

Perkins's second amended § 2255 motion argues that his guilty plea is invalidated by *Bailey v. United States*, 116 S. Ct. 501, 509 (1995). The district court granted § 2255 relief to Perkins and entered an order of acquittal as to the "use" prong of his conviction, but denied relief as to the "carry" prong. Perkins now contends that the district court erred in denying him relief under the "carry" prong of § 924(c)(1). We dismiss for lack of jurisdiction.

## I. Analysis

Section 2255 identifies four specific grounds upon which an individual may move to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2255. In general, "[r]elief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of [nonconstitutional] injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992); *see also United States v. Shaid*, 937 F.2d 228, 232 n.7 (5th Cir. 1991) (en banc) (holding that nonconsitutional issues are cognizable under

§ 2255 only if the error could not have been raised on direct appeal).

Bailey is a substantive, nonconsitutional decision concerning the reach of a federal statute. *See United States v. McPhail*, 112 F.3d 197, 199 (5th Cir. 1997); *see also In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997); *Stanback v. United States*, 113 F.3d 651, 654 n.2 (7th Cir. 1997); *United States v. Barnhartdt*, 93 F.3d 706, 709 (10th Cir. 1996). In addition, *Bailey* does not address the "carry" prong of § 924(c)(1), but rather only the "use" prong. *See United States v. Thompson*, 122 F.3d 304, 306 (5th Cir. 1997); *United States v. Muscarello*, 106 F.3d 636, 637-40 (5th Cir.), *cert. granted*, 118 S. Ct. 621 (1997); *United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996), *cert. denied*, 118 S. Ct. 43 (1997); *United States v. Rivas*, 85 F.3d 193, 195 (5th Cir.), *cert. denied*, 117 S. Ct. 593 (1996). Therefore, Perkins's claim under the "carry" prong is not affected by *Bailey*. That is, his claim regarding the sufficiency of the record to support his guilty plea under the "carry" prong is subject to exactly the same law today as it would have been if Perkins had pursued a direct appeal of his conviction. Because Perkins could have raised the issue before us on direct appeal, but chose not to, we lack jurisdiction to hear his § 2255 claim.

## II.  Conclusion

3

Because we lack jurisdiction to consider Perkins's § 2255 claim, this case is dismissed.

**DISMISSED.**