**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 96-11590

---

THE UNITED STATES OF AMERICA,

                                        Plaintiff-Appellant,

VERSUS

CANDIDO RAMOS-RODRIGUEZ,

                                        Defendant-Appellee.

---

Appeal from the United States District Court
For the Northern District of Texas

---

March 16, 1998

Before JOLLY, DUHE', and PARKER, Circuit Judges.

PARKER, Circuit Judge:

     The United States appeals from the district court's order
granting in part Appellee Candido Ramos-Rodriguez' motion to
vacate, set aside and correct sentence pursuant to 28 U.S.C. § 2255
and the district court's final judgment setting aside the
conviction for carrying a firearm during and in relation to a drug
trafficking crime.  Finding error, we reverse.

                              BACKGROUND

     On March 10, 1992, the Government filed a criminal complaint
against Rodriguez, his wife, and four other individuals alleging

fourteen counts of drug trafficking offenses. On April 3, 1992, Rodriguez pleaded guilty to a four-count information charging him with one count of possession with intent to distribute heroin and one count of possession with intent to distribute cocaine, both in violation of 21 U.S.C. § 841(a)(1), one count of using and carrying fourteen guns during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), and one count of laundering drug proceeds exceeding $350,000, in violation of 18 U.S.C. § 1956. He was sentenced to 120-month concurrent terms of imprisonment on each of the drug and money laundering counts and a 60-month consecutive term of imprisonment on the gun count.

After the time to appeal expired, Rodriguez filed a motion to withdraw his guilty plea on the gun count, which was denied. Rodriguez appealed, and a panel of this court dismissed Rodriguez's appeal without prejudice to his right to file a section 2255 motion.

On March 21, 1994, Rodriguez filed a section 2255 motion alleging ineffective assistance of counsel and challenging the voluntariness and factual basis for his guilty plea. The magistrate judge recommended that the motion be dismissed with prejudice. Although Rodriguez filed objections to the magistrate judge's report, the district court adopted the magistrate judge's report and recommendation and dismissed the motion with prejudice. Rodriguez filed a timely notice of appeal.

On March 1, 1995, this court vacated the district court's judgment dismissing Rodriguez's section 2255 motion and remanded

2

for a determination as to whether any factual basis existed for Rodriguez's claim that his counsel was ineffective for failing to initiate an appeal on his behalf. After the case was remanded, Rodriguez filed a second section 2255 motion raising the sole claim that his §924(c)(1) conviction should be set aside because the factual basis underlying the conviction was insufficient in light of *Bailey v. United States*, 116 S. Ct. 501 (1995).

The district court consolidated the two section 2255 motions. Following an evidentiary hearing, the magistrate judge recommended denying Rodriguez's ineffective assistance of counsel claim, but granting Rodriguez's motion with respect to the *Bailey* claim. Both sides filed objections, but the district court adopted the report and recommendation of the magistrate judge. Thus the district court set aside Rodriguez's conviction and vacated the sentence on the gun count. The Government filed a timely notice of appeal.

ANALYSIS

Because Rodriguez filed both section 2255 motions prior to April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) does not apply to his claims. *Lindh v. Murphy*, 117 S. Ct. 2059 (1997); *United States v. Carter*, 117 F.3d 262, 264 (5th Cir. 1997). Accordingly, pre-AEDPA law governs, and the court need not address whether the Government is required to obtain a certificate of appealability to appeal the grant of section 2255 relief.

In reviewing challenges to district court decisions under 28 U.S.C. § 2255, we examine the findings of fact for clear error and

3

conclusions of law de novo.  *United States v. Thompson*, 122 F.3d 304, 306 (5th Cir. 1997).

The Government argues that the district court erred in granting in part Rodriguez's section 2255 motion on the ground that the factual basis for his guilty plea was inadequate to support his conviction for carrying a firearm during and in relation to a drug trafficking crime.  Although Rodriguez was neither charged with nor convicted of conspiracy, the Government maintains that he carried the firearm in relation to the drug trafficking conspiracy as set forth in the factual resume.  The Government argues that the district court erred in disregarding Rodriguez's express admission in the factual resume that he carried the firearms in order to protect and guard the heroin and cocaine he stored in his residence.

The Government further argues that the district court erred by implicitly holding that *Bailey* changed the law governing the "carrying" prong of § 924(c)(1).  Alternatively, the Government contends that the district court erred by failing to dismiss Rodriguez's second § 2255 petition as an abuse of the writ and in failing to apply a plain error standard of review to Rodriguez's challenge to the factual basis of his guilty plea.

A.   Uncharged Predicate Offense

On March 10, 1992, law enforcement agents  executed a search warrant on Rodriguez's home in Lubbock, Texas.  As a result of the search, the agents discovered heroin, cocaine, and fourteen guns throughout the house.  No further details are contained within the

4

factual resume to indicate the precise location of the firearms in Rodriguez's home.

The Government first argues that the district court erred by reviewing only whether Rodriguez "carried" a firearm during and in relation to the drug trafficking crimes made the basis of Counts 1 and 2 of the Information--possessing heroin and cocaine on March 10, 1992, with the intent to distribute same. According to the Government, the district court should have reviewed whether Rodriguez "carried" a firearm during and in relation to the overall drug trafficking conspiracy he admitted to in his factual resume, even though the defendant was never charged with conspiracy in the Information.

Rodriguez argues that conspiracy cannot serve as the predicate offense for the gun count because he was never charged with conspiracy.[1] Section 924(c)(1) establishes criminal liability for a defendant using or carrying a firearm during and in relation to any crime of violence or drug trafficking crime "for which he **may** be prosecuted." 18 U.S.C. § 924(c)(1) (emphasis added). This court has recognized that the statute does not require an underlying conviction. *See United States v. Munoz-Fabela*, 896 F.2d 908, 910-11 (5th Cir.), *cert. denied*, 498 U.S. 824 (1990)(drug charge contained in the indictment which had been dismissed). It is the "fact of the offense, and not a conviction, that is needed to

---

[1]It is important to note that Rodriguez does not challenge the sufficiency of the factual resume to support a conspiracy conviction. In his brief he only argues that failure to charge him with conspiracy is fatal to the government's case.

establish the required predicate." *Id.* at 911. Moreover, acquittal of the predicate offense does not preclude conviction under § 924(c)(1) when there is ample evidence showing that a reasonable jury could have found the defendant guilty of the predicate offense. *United States v. Ruiz*, 986 F.2d 905, 911 (5th Cir.), *cert. denied*, 510 U.S. 848 (1993).

In *United States v. Wilson*, 884 F.2d 174, 176 n.2 (5th Cir. 1989), this court upheld a defendant's conviction on a one-count indictment for carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). In that case, the predicate drug trafficking offense was possession of a controlled substance with intent to distribute, 21 U.S.C. § 841(a)(1). Prior to trial, the defendant pleaded guilty in state court to aggravated possession of a controlled substance. Because the district court held that the guilty plea in state court was insufficient to establish all the elements of possession of a controlled substance with intent to distribute under the federal statute, the government was required to present additional evidence on the predicate drug trafficking offense at trial. Although the court did not directly address the issue, it was implicit that the government's failure to charge the defendant with the predicate offense was not fatal to the government's case.

The aforementioned cases and the language of the statute might lead a court to conclude that the Government's failure to charge Rodriguez with conspiracy is not dispositive. However, there is one key problem in reaching such a conclusion--with respect to the

6

gun count, the Information specifically charges Rodriguez with using and carrying firearms "during and in relation to a drug trafficking crime, *that is, possession with intent to distribute Heroin and Cocaine*, in violation of Title 21, United States Code, Section 841(a)(1), *as charged in Count 1 and 2 of this Information* and for which he may be prosecuted in a court of the United States." Count 3 - Information, p.3 (emphasis added). The Government cannot now argue that conspiracy was the predicate offense when it specifically charged that possession with intent to distribute, and no other offense, was the predicate for the gun count.

Because the Government specifically stated the predicate offense for the gun count as an offense previously charged in the Information, the court need not address whether an uncharged predicate offense can be sufficient to satisfy § 924(c)(1).

B.    Factual Resume and "Carry"

Section 924(c)(1) is violated when a defendant "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm . . . ." 18 U.S.C. § 924(c)(1). In *Bailey*, the Supreme Court held that with respect to "use" under § 924(c)(1), a conviction requires evidence sufficient to "show active employment of the firearm" by the defendant. *Bailey*, 116 S. Ct. at 506. The Court defined "use" as including "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." *Id.* at 508. The Government

7

concedes that it cannot satisfy *Bailey* with respect to the "use" prong of § 924(c). The only issue is whether the conviction can stand under the "carry" prong. The *Bailey* decision does not alter the understanding of criminal liability for "carry" under § 924(c). *See United States v. Thompson*, 122 F.2d at 306.

This court previously has articulated the meaning of "carry." "Carry" involves some dominion or control, but connotes more than mere possession. *Id.* at 307. In a non-vehicle context, "carrying" requires a showing that the firearm was in reach during the commission of and in relation to the predicate offense. *United States v. Hall*, 110 F.3d 1155, 1161-62 (5th Cir. 1997).

Rodriguez's factual resume indicates the following to support his conviction for carrying a firearm during and in relation to a drug trafficking crime: First, and most importantly, Rodriguez made an express admission that he "carried" a firearm during and in relation to a drug trafficking offense. Rodriguez argues that he merely was reciting the language of the statute. However, the court will not disregard such an important piece of evidence merely because the term "carry" is contained in § 924(c)(1). "Carry" also has a plain meaning, and the defendant's use of the term in his factual resume will not easily be discounted, especially when there are no other statements in the factual resume which conflict with his admission or otherwise cause a court to question the defendant's veracity.

Further, Rodriguez admitted that he carried the firearms "in order to protect and guard the heroin and cocaine" in his residence

8

and that he carried the firearms "during and in relation to his possession" of the drugs. Factual Resume ¶5. Rodriguez admitted that from on or about January 1, 1990, through March 10, 1992, he used drug proceeds to purchase the firearms he used and "carried" during and in relation to a drug trafficking crime and that he purchased these firearms "in order to conceal and disguise the nature, location, source, ownership and control of the Drug Proceeds." Factual Resume ¶8(i)(c), ¶9(ii).

It cannot be emphasized enough that it is the defendant's admissions during the plea colloquy which are pivotal. Had this case been tried to a jury without the defendant's testimony, the mere presence of guns in the residence would be insufficient to establish "carry" under § 924(c). *See, e.g., United States v. Wilson*, 77 F.3d 105, 110 (5th Cir. 1996). But here, the defendant admitted to carrying firearms during and in relation to the drug trafficking crimes to which he also pleaded guilty. Nothing within the factual resume or plea colloquy in this case would cause a court to question the defendant's candor or knowledge with respect to the crimes to which he pleaded guilty. The court finds that there was a sufficient factual basis to support the guilty plea.

Because of these admissions, the court is satisfied that at some point during and in relation to this drug trafficking crime, the firearms were within Rodriguez's reach, dominion or control and that he "carried" the firearms pursuant to § 924(c)(1). Thus his conviction and sentence on the gun count must stand.

C. The Government's Alternative Arguments

9

Due to our conclusion, we need not address the government's alternative points on appeal.

## CONCLUSION

For the foregoing reasons, we conclude that there is a factual basis for Rodriguez's plea of guilty to carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  Accordingly, we REVERSE the district court's order setting aside Rodriguez's conviction and vacating his sentence on the gun count.