**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-10862
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY RAY DAVIS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:94-CR-46-A-1

March 26, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Timothy Ray Davis #26040-077 appeals the dismissal of his motion to vacate, set aside, or

correct his sentence pursuant to 28 U.S.C. § 2255. Davis argues that the district court erred in

finding that he did not request his trial counsel to file a notice of appeal on his behalf. Davis testified

that he did not think counsel would do the appeal for him. Davis further testified that he discussed

appealing his sentence prior to, and immediately after sentencing; however, upon his trial counsel's

request for him to call her the next day, he waited three weeks to call her, despite his knowledge that

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he had 10 days from the entry of his judgment in which to appeal his sentence. Davis did not discuss his appeal with his attorney during this phone call or anytime thereafter. Hence, the district court's finding was not clearly erroneous. See United States v. Casiano, 929 F.2d 1046, 1051 (5th Cir. 1991).

We now address the remaining claims in Davis's original § 2255 motion. In addition to his ineffective assistance of counsel claims, Davis argued that: 1) his plea was involuntary because it was made as a result of the ineffective assistance of counsel; 2) the Government violated the plea agreement; 3) his conviction violates the Double Jeopardy Clause because his property was seized by the Government and forfeited; and 4) the drug quantity calculation upon which his sentence was based was incorrect. This court has stated that "[i]n reviewing a district court's denial of a § 2255 motion, we examine the lower court's factual findings for clear error and its conclusions of law de novo." United States v. Thompson, 122 F.3d 304, 306 (5th Cir. 1997) (quoting United States v. Faubion, 19 F.3d 226, 228 (5th Cir. 1984).

Because we find that the district court was not clearly erroneous in determining that Davis did not request his attorney to file a notice of appeal, we also find without reaching the substance of his claims that relief under § 2255 based on any of these claims is foreclosed to him. As the district court noted, "[a]fter conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted." United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). The Shaid court further recognized that a defendant can only challenge his conviction or sentence after it is presumed final only on issues of constitutional error that could not have been raised on direct appeal and that, if condoned, would result in a complete miscarriage of justice.

Shaid, 937 F.2d at 232. A defendant is precluded from raising an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the errors. Id. Because Davis was unable to explain his failure to raise his claims on direct appeal, we conclude that he has failed to meet the cause and actual prejudice requirements. Section 2255 is thus unavailable to him.

Accordingly, we AFFIRM the decision of the district court.