**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 97-50957
Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**OTIS HARRIS, III,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Western District of Texas
(P-89-CR-134-1, P-95-CA-076)**

_____

**August 4, 1999**

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Otis Harris appeals the partial denial of his 28 U.S.C. § 2255 motion to vacate his sentence for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841. (The district court granted relief regarding Harris' conspiracy conviction under 21 U.S.C. § 846; the Government does not cross-appeal.)

Of course, for a challenge to the denial of a § 2255 motion, we review findings of fact for clear error and conclusions of law de novo. _E.g._, **United States v. Ramos-Rodriguez**, 136 F.3d 465, 467

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 1 -

(5th Cir. 1998). Harris contends that he was denied effective assistance of counsel because his trial counsel failed to interview witnesses, to request exculpatory material under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and to move to suppress evidence; erroneously stipulated to a chemist's report; failed to object to prosecutorial comments regarding drug use during the events in question, post-arrest silence, and Harris' failure to call certain witnesses; failed to object to the prosecutor bolstering a witness' credibility; failed to move for an acquittal; advised Harris to testify; failed to object to unreliable testimony; failed to stress the lack of fingerprint evidence; suggested to the jury that it convict on a lesser-included offense; and failed to object to the jury instruction on deliberate indifference. He also claims ineffective assistance because his appellate counsel failed to claim ineffective assistance of his trial counsel. And, he claims prosecutorial misconduct; and that the district court should have held an evidentiary hearing. We find no reversible error for essentially the reasons stated by the district court in its comprehensive and well-reasoned opinion. *Harris v. United States of America*, No. P-95-CA-076-F (W.D. Tex. April 30, 1997). Harris' motion for appointment of appellate counsel is **DENIED**.

*AFFIRMED; MOTION FOR APPOINTMENT*

*OF APPELLATE COUNSEL DENIED*