**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 98-40524
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MAURICIO MARTINEZ JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(M-92-CR-12)
_____

June 7, 2000

Before DAVIS, DUHÉ and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Mauricio Martinez, Jr. ("Martinez") appeals the district court's order denying his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. We find no error and affirm.

I.

In 1991, agents with the Drug Enforcement Administration, searched Martinez' residence and adjoining property and arrested him. Some of the items seized during the search of the property were: 357 pounds of marijuana, a .32 caliber H & R Mag revolver, a

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

.380 Colt revolver, a 12 gauge Remington shotgun, weighing scales, packaging tape, cellophane wrapping, and a currency counterfeiting device. Agents also found, parked on the property, Martinez's 1986 Cadillac containing a .9mm Baretta revolver.

Martinez pleaded guilty to one count of conspiracy to possess with intent to distribute marijuana and one count of using and carrying a firearm in relation to a drug offense, a violation of 18 U.S.C. § 924(c). Martinez was sentenced to 100 months in prison on the former count and five years in prison on the latter count; the sentences were imposed consecutively.

Martinez filed, but then withdrew, a notice of appeal. More than one year after the conviction and sentence, Martinez filed the instant § 2255 motion. Martinez alleged that his plea was involuntary because he "did not understand the nature of the charge" and because he was not guilty under Bailey v. United States, 516 U.S. 137 (1995). He also argued that he was denied effective assistance of counsel.

The magistrate recommended denying the motion. The magistrate judge concluded that Martinez was "carrying" a weapon in his vehicle and home and that his guilty plea to using and carrying a firearm in relation to a drug offense was thus based on ample factual support. The district court adopted the report and recommendation of the magistrate judge. A timely notice of appeal was filed. The district court granted a certificate of

appealability solely on the <u>Bailey</u> issue.

II.

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Acklen</u>, 47 F.3d 739, 741 (5th Cir. 1995). In reviewing a district court's denial of a § 2255 motion, this court examines the factual findings for clear error and conclusions of law de novo. <u>United States v. Faubion</u>, 19 F.3d 226, 228 (5th Cir. 1994).

Martinez did not file a direct appeal. The failure to challenge his conviction on direct review ordinarily would preclude Martinez from bringing this collateral action absent a showing of either: (1) cause and prejudice or (2) actual innocence. <u>Bousley v. United States</u>, 523 U.S. 614, 622-23, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998). The Government, however, has waived this issue by failing to raise it in the district court. <u>See</u> <u>United States v. Drobny</u>, 955 F.2d 990, 995 (5th Cir. 1992).

Section 924(c)(1) is violated when a defendant "during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm ...." 18 U.S.C. § 924(c)(1). Martinez argues that his conviction under § 924(c) should be vacated because he did not "use" or "carry" a firearm for purposes of § 924(c). We conclude that the instant case is controlled by our analogous

3

decision in <u>United States v. Ramos-Rodriguez</u>, 136 F.3d 465 (5th Cir. 1998).

In <u>Ramos-Rodriguez</u>, the defendant appealed the denial of his § 2255 motion challenging the factual basis, under <u>Bailey</u>, for his guilty plea to one count of using and carrying fourteen guns during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). 136 F.3d at 466. The government presented no evidence indicating the location of the firearms in defendant's home at the time of the arrest. <u>Id.</u> at 467. Nevertheless, this Court held that there was a sufficient factual basis for defendant's plea of guilty to carrying a firearm in violation of § 924(c)(1). <u>Id.</u> at 468. This Court observed that: (1) defendant made an express admission that he "carried" a firearm during and in relation to a drug trafficking offense, and (2) defendant admitted that he carried the firearms "in order to protect and guard the heroin and cocaine" in his residence and that he carried the firearms "during and in relation to his possession" of the drugs. <u>Id.</u> Accordingly we concluded:

> [i]t cannot be emphasized enough that it is the defendant's admissions during the plea colloquy which are pivotal. Had this case been tried to a jury without the defendant's testimony, the mere presence of guns in the residence would be insufficient to establish "carry" under § 924(c). <u>See, e.g.</u>, <u>United States v. Wilson</u>, 77 F.3d 105, 110 (5th Cir. 1996). But here, the defendant admitted to carrying firearms during and in relation to the drug trafficking crimes to which he also pleaded guilty. Nothing within the factual

4

> resume or plea colloquy in this case would cause a court to question the defendant's candor or knowledge with respect to the crimes to which he pleaded guilty.

Id. at 469

Martinez made a similar express admission at his rearraignment hearing that he owned the Cadillac and that he had put the Baretta firearm in the vehicle. Martinez also admitted that the purpose of the Baretta in the Cadillac was to protect himself and the marijuana during drug trafficking and in case there was some problem involving the marijuana. Moreover, this admission was repeated in an affidavit filed, after the rearraignment hearing, with the Probation Department. In this affidavit, Martinez stated:

> ... I, Mauricio Martinez, Jr. conspired with Fernando Hernandez Aguilera and Alfredo Vasquez to intentionally possess with intent to distribute a quantity of marijuana of approximately 470 pounds. I knew that possession of that marijuana was illegal and I fully intended to sell that marijuana also knowing that was illegal. While and during my involvement with this marijuana, I knowingly carried or kept a 35 caliber Baretta pistol and a Remington 12 gauge shotgun to protect myself while I was involved with the 470 pounds of marijuana at the place where I was arrested.

(emphasis added).

### III.

Because of Martinez' admissions that he "carried" the Baretta and the Remington shotgun during and in relation to the drug trafficking crime to which he pleaded guilty, we affirm his

5

conviction and sentence on the firearm count.

AFFIRMED.