United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 00-51078
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES EDWARD PRICE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC Nos. W-99-CV-287
W-98-CR-54-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

James Edward Price, federal prisoner number 82392-080, appealed the denial of his 28 U.S.C. § 2255 motion to vacate sentence, which challenged his convictions of possession of a controlled substance under 21 U.S.C. § 844(a) and using and carrying a firearm in connection with a drug-trafficking offense under 18 U.S.C. § 924(c)(1). He argued on appeal that counsel

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rendered ineffective assistance for not challenging his sentence for the 21 U.S.C. § 844(a) conviction and for not challenging his 18 U.S.C. § 924(c)(1) conviction. This court held that Price's claim concerning his sentence for the 21 U.S.C. § 844(a) conviction was meritorious but that his claim concerning his 18 U.S.C. § 924(c)(1) conviction lacked merit. See United States v. Price, No. 00-51078 (5th Cir. Dec. 18, 2001) (unpublished).

Price then petitioned the Supreme Court for a writ of certiorari. The Court granted Price's petition, vacated the judgment, and remanded for further consideration of Price's 18 U.S.C. § 924(c)(1) conviction in light of United States v. Labonte, 520 U.S. 751, 759-60 (1997), and the Solicitor General's concession of error. See Price v. United States, 123 S. Ct. 986 (2003). Consequently, the issue whether Price received ineffective assistance in connection with his 18 U.S.C. § 924(c)(1) conviction is again before this court. The ultimate resolution of this issue, however, does not change.

LaBonte noted that one's sentence for certain narcotics offenses may be enhanced based on one's prior convictions, provided that one receives notice that the prior convictions may be so used in accordance with 21 U.S.C. § 851(a). 520 U.S. at 758-60. In our prior opinion, we concluded that Price's 21 U.S.C. § 844 conviction could have been a felony because of his prior convictions. However, Price did not receive notice that these prior convictions could be so used. Thus, his 21 U.S.C.

§ 844 conviction could not be a felony. Because this conviction was not a felony, it could not qualify as the predicate offense for his firearms conviction.

Even in light of LaBonte, however, Price's argument that counsel rendered constitutionally ineffective assistance for declining to challenge his firearms conviction does not merit relief. Price contends that his 18 U.S.C. § 924(c)(1) conviction is invalid because his concomitant 21 U.S.C. § 844(a) conviction was for a misdemeanor and thus did not qualify as a drug-trafficking offense for purposes of his firearms conviction. This argument is unavailing.

A defendant's 18 U.S.C. § 924(c)(1) conviction does not require an underlying conviction on the predicate offense. United States v. Ramos-Rodriquez, 136 F.3d 465, 467 (5th Cir. 1998). It is only "the fact of the offense, and not a conviction, that is needed to establish the required predicate." Id. (internal quotation marks omitted). Thus, "acquittal of the predicate offense does not preclude conviction under § 924(c)(1) when there is ample evidence showing that a reasonable jury could have found the defendant guilty of the predicate offense." Id.; see also United States v. Ruiz, 986 F.2d 905, 911 (5th Cir. 1993).

The evidence adduced at trial was sufficient for a reasonable jury to have found beyond a reasonable doubt that Price committed the felony offense for which he was indicted,

possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The jury's choice to acquit Price on the drug-trafficking charge is not germane to the question whether this offense was sufficiently established to serve as a basis for his firearms conviction. See Ramos-Rodriguez, 136 F.3d at 467; see also Ruiz, 986 F.2d at 911. Accordingly, counsel did not render ineffective assistance for declining to raise the issue whether the predicate offense was sufficiently established.

In conclusion, counsel did not render constitutionally ineffective assistance in connection with Price's firearms conviction. Accordingly, we AFFIRM the judgment to the extent that the district court denied Price relief on his claim pertaining to his 18 U.S.C. § 924(c)(1) conviction.