# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2022

Lyle W. Cayce
Clerk

No. 21-11163

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BRANDON O'NEILL LOTT,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-353-2

Before HIGGINBOTHAM, SOUTHWICK, and HIGGINSON, *Circuit Judges*.

PATRICK E. HIGGINBOTHAM, *Circuit Judge*:

A district court convicted Brandon Lott of kidnapping and racketeering following a bench trial. Lott now appeals his sentence and racketeering conviction, arguing that the district court lacked substantial evidence to convict him and clearly erred by failing to apply a mitigating role adjustment. Lott fails to show that the district court lacked evidence to conclude that he committed a crime of violence with intent to further a drug trafficking enterprise, and he does not demonstrate that the district court erred in its sentencing calculation for kidnapping. We AFFIRM.

No. 21-11163

## I.

The government's evidence indicates that in December of 2017, Lott found Anthony Harper on the street at the request of Chester Ray Henderson, a known drug dealer in the Dallas area, and picked him up. Harper had previously performed odd jobs for Henderson, such as working on his car, moving furniture, and spraying graffiti. Lott drove Harper to an apartment complex, where Henderson and others were waiting for them. Henderson asked Harper to examine the wall for a stud, and when Harper turned his back the group proceeded to beat him, brandish firearms, and threaten to kill him, apparently over a security camera system missing from the apartment. When Harper escaped, the group gave chase, pursuing him through the neighborhood until he found refuge in an apartment and contacted police.

In addition to bringing Harper in, Lott participated in the beating, hitting Harper with a hammer and putting a rope around his neck. Lott also chased Harper after his escape from the apartment, fleeing after failing to catch up. Evidence introduced at trial indicated that Lott knew Henderson, knew that he was involved in drug trafficking, and had even referred to Henderson in a phone call as his partner. He was also seen in and around a house Henderson used to traffic drugs. The government presented these facts through testimony, hospital records, surveillance video, and four taped 911 calls, among other pieces of evidence.

A federal grand jury indicted Henderson, Lott, and another co-conspirator on kidnapping charges, as well as use of a facility in interstate commerce in aid of racketeering. The indictment alleged that the defendants committed the kidnapping to further a drug trafficking enterprise, and the district court found Lott guilty on both counts following a bench trial. At the sentencing stage, Lott objected to the Pre-Sentence Report (PSR) because it

did not include a mitigating role reduction, with Lott citing lack of evidence that he participated directly in drug distribution activities. The court rejected Lott's argument, adopting the PSR without change. The district court opted to sentence Lott to 120 months in prison, less than the 188 to 235 months the Sentencing Guidelines indicated. This ensured that he received a sentence proportionate to those of his co-conspirators who pled guilty. Lott timely appealed.

## II.

Lott first argues that the district court lacked evidence to convict him of committing a crime of violence in aid of racketeering under 18 U.S.C. § 1952(a)(2). The statute required the government to prove (1) that Lott traveled in interstate commerce; (2) with the specific intent to commit any crime of violence to further unlawful activity; and (3) that Lott committed the crime of violence subsequent to the act of travel in interstate commerce.[1] The statute defines "unlawful activity," to include "any business enterprise involving . . . narcotics or controlled substances," a category that covers the government's drug trafficking allegations here.[2] Lott argues that there was insufficient evidence to prove the second element, that he had specific intent to further a drug trafficking enterprise.

When a defendant challenges the outcome of a bench-trial on sufficiency-of-the-evidence grounds, we review the district court's findings of fact for substantial evidence.[3] To affirm, we must find "evidence sufficient to justify the trial judge, as the trier of fact, in concluding beyond a reasonable

---

[1] *See United States v. Tovar*, 719 F.3d 376, 389–90 (5th Cir. 2013).

[2] 18 U.S.C. § 1952(b).

[3] *United States v. Cardenas*, 9 F.3d 1139, 1156 (5th Cir. 1993).

doubt that the defendant is guilty."[4] In reviewing, "it is not our task to weigh the evidence or determine the credibility of witnesses."[5] We "view all evidence in the light most favorable to the government and defer to all reasonable inferences drawn by the trial court."[6]

Lott asserts that the government presented no evidence showing his involvement or participation in drug distribution activities. Lott does not argue that the activity furthered—conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846—would not be "unlawful activity" under the statute's definition, but rather that he played no part in that activity. Yet § 1952(a)(2) does not require any participation in the unlawful activity the defendant seeks to further.[7] The statute's plain text requires only that the defendant commit a crime of violence with the "intent to . . . further any unlawful activity."[8] Section 1952(a)(2) thus demands only that the government prove Lott's state of mind regarding the unlawful activity, not that he engaged in it.

Viewing the evidence in the light most favorable to the government, there are sufficient facts to justify the trial judge's conclusion that Lott

---

[4] *Tovar*, 719 F.3d at 388 (5th Cir. 2013) (internal quotation marks and citations omitted).

[5] *United States v. Ybarra*, 70 F.3d 362, 364 (5th Cir. 1995).

[6] *United States v. Mathes*, 151 F.3d 251, 252 (5th Cir. 1998).

[7] *Cf. United States v. Conway*, 507 F.2d 1047, 1051 (5th Cir. 1975) (upholding a conviction under § 1952(a)(3) where the district court did not specifically define arson, the crime furthered, under state law); *United States v. Monu*, 782 F.2d 1209, 1211 (4th Cir. 1986) (upholding § 1952(a)(2) conviction with no finding that the defendant distributed narcotics); *United States v. Rizzo*, 418 F.2d 71, 80 (7th Cir. 1969) ("Proof that a state law has actually been violated is not a necessary element of the offense defined in Section 1952.").

[8] 18 U.S.C. § 1952(a)(2).

No. 21-11163

committed the kidnapping with the intent to further drug trafficking activity. Lott's reference to a partnership with Henderson, his proximity to locations known for drug dealing, and his actions on behalf of Henderson during the kidnapping support reasonable inferences that Lott acted to further Henderson's drug dealing activities. Further evidence supports reasonable inferences that Lott understood the purpose of the kidnapping, which included recovery of security cameras for the apartment where drug distribution occurred. This evidence was sufficient for the trial court to conclude that Lott acted to further the drug trafficking enterprise, regardless of whether he was an active participant in that operation.

## III.

Second, Lott argues that the district court erred by declining to apply a mitigating role adjustment to his total offense level in accordance with U.S.S.G. § 3B1.2. A two-level downward adjustment for minor role is warranted when a defendant is a minor participant in the criminal activity, such that his role "makes him substantially less culpable than the average participant,"[9] although his role "could not be described as minimal."[10] A four-level adjustment for minimal role applies when the defendant is "plainly among the least culpable of those involved in the conduct of a group."[11] A defendant plays a minimal role when the defendant lacks "knowledge or understanding of the scope and structure of the enterprise and of the activities of others."[12] Application of a mitigating role adjustment is "based

---

[9] U.S.S.G. § 3B1.2 cmt. n.3. *See also United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005).

[10] U.S.S.G. § 3B1.2 cmt. n.5.

[11] U.S.S.G. § 3B1.2 cmt. n.4.

[12] *Id.*

No. 21-11163

on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case."[13] The defendant bears the burden of showing that an adjustment is appropriate.[14]

On appeal, "[w]hether [a defendant] was a minor or minimal participant is a factual determination that we review for clear error."[15] We determine that "[a] factual finding is not clearly erroneous if it is plausible in light of the record read as a whole."[16]

Lott contends that the district court committed clear error in failing to apply a mitigating role adjustment because the government presented no evidence indicating his involvement in drug trafficking. Lott misunderstands how the Sentencing Guidelines operate. The PSR, which the district court adopted, correctly grouped the two offenses together because Lott committed the crimes against a single victim,[17] and it then applied the guidelines for the crime that would result in the highest offense level—kidnapping.[18] The PSR calculated Lott's offense level based on his involvement in kidnapping Harper, not commission of a crime of violence in aid of racketeering. Lott's argument that he was not involved in drug-related activities is irrelevant to the probation officer's calculation of the offense

---

[13] U.S.S.G. § 3B1.2 cmt. n.3.

[14] *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016).

[15] *Villanueva*, 408 F.3d at 203 (5th Cir. 2005). Lott argues incorrectly that an abuse of discretion standard should apply. *See United States v. Bello-Sanchez*, 872 F.3d 260, 263 (5th Cir. 2017); *United States v. Gomez–Valle*, 828 F.3d 324, 327 (5th Cir. 2016); *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016); *United States v. Alaniz*, 726 F.3d 586, 626 (5th Cir. 2013).

[16] *Villanueva*, 408 F.3d at 203.

[17] U.S.S.G. § 3D1.2(a).

[18] U.S.S.G. § 3D1.3(a). *See United States v. Martinez*, 263 F.3d 436, 439 (5th Cir. 2001).

No. 21-11163

level for kidnapping. Furthermore, the government's evidence provides little basis for Lott to argue that he was "substantially less culpable than the average participant" in the kidnapping given that he picked the victim up from the street, transported him to the apartment, took part in the violence, and pursued him afterwards. The district court did not err by declining to apply the mitigating role adjustment.[19]

**\*\*\*\***

We AFFIRM the district court's conviction and sentence.

---

[19] It is unclear that Lott would fare better on resentencing, even if he were otherwise entitled to it. The district court assigned him 120 months' imprisonment despite an offense level of 36. A decrease to an offense level of 32 resulting from a minimal role adjustment would have garnered a Sentencing Guidelines range of 121 to 151 months imprisonment. The government further argues that the district court tied Lott's sentence to those of his co-conspirators, and that he would have received the same sentence regardless. Because we do not find that the district court erred, we need not consider whether any error was harmless. *See United States v. Stanford*, 823 F.3d 814, 845 (5th Cir. 2016).