# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2024

Lyle W. Cayce
Clerk

_____

No. 21-40084

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Jaime Miguel Diaz-De Leon,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:20-CV-132

_____

Before Richman, *Chief Judge*, and Haynes and Duncan, *Circuit Judges*.

Per Curiam:[*][†]

In 2008, Jaime Miguel Diaz-De Leon pled guilty of Travel Act violations under 18 U.S.C. § 1952 and possessing a firearm in furtherance of a crime of violence or drug trafficking crime under 18 U.S.C. § 924(c). In connection with his plea, Diaz-De Leon admitted he arranged for two *sicarios*—assassins—to travel from Mexico to the United States to carry out

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[†] Judge Haynes concurs in the judgment only.

murders for the Gulf Cartel, a notorious drug trafficking syndicate. The *sicarios* were arrested before killing their intended victims. In exchange for Diaz-De Leon's plea, the government dropped a charge for conspiring to distribute cocaine and marijuana under 21 U.S.C. §§ 841(a)(1) and 846. Diaz-De Leon was sentenced to two consecutive 20-year prison terms on each count.

After unsuccessfully challenging his convictions on various grounds, Diaz-De Leon sought to file a successive 28 U.S.C. § 2255 petition in 2018 based on *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). That decision held part of the definition of a "crime of violence" applicable to the Travel Act—the "residual clause" in 18 U.S.C. § 16(b)—was unconstitutionally vague. *Id.* at 1216, 1223.[1] While Diaz-De Leon's petition was pending, the Supreme Court held in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), that the similar residual clause in § 924(c) was likewise unconstitutional. *See* 18 U.S.C. § 924(c)(3)(B). In 2020, our court preliminarily authorized Diaz-De Leon's petition, directing the district court to determine whether he had satisfied the requirements of a successive § 2255 petition before reaching the merits. *See In re Jaime Diaz-De Leon*, No. 19-40451, at ECF 15.

The district court ruled it lacked jurisdiction over the petition. It reasoned that Diaz-De Leon could not show that either his Travel Act or § 924(c) convictions were based on the residual clauses declared

---

[1] In relevant part, the Travel Act penalizes "[w]hoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to . . . (2) commit any crime of violence to further any unlawful activity." 18 U.S.C. § 1952(a)(2). In turn, a "crime of violence" is defined as "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or as "(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 16.

unconstitutional in *Dimaya* and *Davis*. Alternatively, the court ruled the § 924(c) conviction could be separately sustained on the ground that Diaz-De Leon admitted to a "drug trafficking crime."

We granted Diaz-De Leon a certificate of appealability ("COA") with respect to his § 924(c) conviction. We later denied his motion to expand the COA to include a challenge to his Travel Act conviction.

In a § 2255 proceeding, we review factual findings for clear error and legal questions *de novo*. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001); *United States v. Smith*, 957 F.3d 590, 592 (5th Cir. 2020).

Diaz-De Leon contends his § 924(c) conviction must be vacated because it necessarily depended on the unconstitutional residual clause in § 924(c)(3)(B). That is so, he argues, because the triggering crime here—attempted murder—does not qualify as a crime of violence under the elements clause. *See* § 924(c)(3)(A). We need not decide that question,[2] however, because Diaz-De Leon's § 924(c) conviction can be sustained on the alternate ground that he committed a drug trafficking crime.

A person violates § 924(c) by using or carrying a firearm "during and in relation to any crime of violence *or* drug trafficking crime . . . for which the person may be prosecuted in a court of the United States." (emphasis added). The district court found that "[t]he record here clearly reflects" that, in addition to committing a putative crime of violence, Diaz-De Leon

---

[2] Our sister circuits have ruled that attempted murder qualifies as a crime of violence under the elements clause. *See United States v. Pastore*, 83 F.4th 113, 119–22 (2d Cir. 2023); *Allen v. United States*, No. 21-5782, 2023 WL 4145321, at *2–3 (6th Cir. June 23, 2023); *United States v. States*, 72 F.4th 778, 787–91 (7th Cir. 2023); *Dorsey v. United States*, 76 F.4th 1277, 1283–84 (9th Cir. 2023); *Alvarado-Linares v. United States*, 44 F.4th 1334, 1346–48 (11th Cir. 2022). Diaz-De Leon argues that these cases conflict with the Supreme Court's recent decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), which held that attempted robbery was not a crime of violence. *Id.* at 2021.

also possessed firearms "in furtherance of the Gulf Cartel's unlawful activity, that being drug trafficking." So, the § 924(c) conviction was supported by a predicate drug offense, regardless of whether Diaz-De Leon also committed a crime of violence. *See* § 924(c)(2) (defining "drug trafficking crime" to include, *inter alia*, conspiracy to distribute narcotics under §§ 841(a) and 846); *United States v. Chapman*, 851 F.3d 363, 375 (5th Cir. 2017) (conspiracy to traffic drugs under § 846 "qualif[ies] as [a] predicate offense[] for the purposes of § 924(c)'s enhanced penalty without reference to the risk of force definition").

Diaz-De Leon's arguments to the contrary fail. Primarily, he argues he did not plead to the drug distribution count, which the government dropped in exchange for his plea. That is irrelevant. "It is the 'fact of the offense, and not a conviction, that is needed to establish the required predicate'" under § 924(c). *United States v. Ramos-Rodriguez*, 136 F.3d 465, 467 (5th Cir. 1998) (quoting *United States v. Munoz-Fabela*, 896 F.2d 908, 911 (5th Cir. 1990)). And we have specifically held that an indictment charge dismissed as part of a plea can still serve as a predicate offense under § 924(c). *Munoz-Fabela*, 896 F.2d at 910–11.

Next, Diaz-De Leon argues that his § 924(c) plea "focused" only on the attempted murder and not the drug conspiracy. We disagree. Diaz De-Leon pled guilty to Count 26, which specified that he possessed firearms "in furtherance of a crime of violence . . . *and a drug trafficking crime*." (emphasis added). Furthermore, all that is necessary to sustain the § 924(c) conviction was "ample evidence showing that a reasonable jury could have found [Diaz-De Leon] guilty of the predicate [drug] offense." *Ramos-Rodriguez*, 136 F.3d at 467 (citing *Ruiz*, 986 F.2d at 911). The record of Diaz-De Leon's drug trafficking crimes was more than sufficient.

The sentencing court read into the record the full indictments showing Diaz-De Leon's active role in buttressing the Gulf Cartel's narcotics trade. For instance, Diaz-De Leon maintained constant contact with other conspirators; planned the murder of a competing cartel member to protect the Gulf Cartel's network; instructed cartel members to travel to Mexico to retrieve proceeds from drug trafficking; received drug proceeds as payment for the hit job; and secured guns and a getaway car for the *sicarios*. When the court asked Diaz-De Leon whether it was "correct" that the purpose of the attempted murder was "to further the unlawful activity of the organization, that is, of the drug trafficking," he responded, "That's right."

Based on these facts, a reasonable jury could have convicted Diaz-De Leon of conspiring to distribute narcotics. *See, e.g.*, *United States v. Castillo-Chavez*, 555 F. App'x 389, 398–99 (5th Cir. 2014) (per curiam) (finding a Gulf Cartel *sicario* was part of a drug conspiracy under § 846); *United States v. Lott*, 53 F.4th 319, 322–23 (5th Cir. 2022) (committing a kidnapping to further drug trafficking qualified as a conspiracy under § 846); *United States v. Cole*, 423 F. App'x 452, 458 (5th Cir. 2011) (per curiam) (explaining "there are many different roles that participants in a drug conspiracy may play, for example: supervisor and manager, distributor, collector, courier, gunman and enforcer, and firearms procurer and storer"); *United States v. Pomranz*, 43 F.3d 156, 160–61 (5th Cir. 1995) (use of gun in sophisticated drug operation was sufficient for § 924(c) conviction).

Accordingly, the district court did not err in concluding that Diaz-De Leon's § 924(c) conviction was supported by ample evidence that he possessed firearms in furtherance of a drug trafficking crime.

AFFIRMED.